UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:25-cv-00063-SEP |
| ) | |
| NEIL ACOTT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jamie Jones's application for leave to commence this civil action without prepayment of the required filing fee. Doc. [3]. Having reviewed the financial information provided, the Court finds Plaintiff unable to pay any portion of the filing fee and he is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Additionally, for the reasons set forth below, the Court dismisses this action without prejudice.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

On April 17, 2025, Jones filed this action on a prisoner civil rights complaint form pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff names the Missouri Department of Probation and Parole, Neil Acott, and Chris Hopper as Defendants. *Id.* at 1. Plaintiff sues Hopper and Acott in their official capacities as employees of the Missouri Department of Probation and Parole.[1] *Id.* at 2, 4. The Statement of Claim alleges in its entirety:

> Jamie Jones was in jail on 6 23 23 Chris Hopper stated Probation + Parole will do a delay action until Judment of case 23CG-CR00919. That was on or about 6-27-2023 9 months then Probation + Parole stop the delay action and issue an 10000 cash bond 6-24-2024 a warrent while I Jamie Jones was still in jail. Chris Hopper and Neil Acott had a hearing on 7-16-2025 proureuting an incompeitent defendant. Case Number 23CG-CR00919 has not been dispotion of Cape County Jail. Jamie Jones was presercated as a incompeittor defendant bye Chris/Neil on 7/16-25 Hearing our Land unuseal punishment. Not keep the DeLay Action until Judgement on case 23CG-CR00919 was render.

*Id.* at 3 (errors in original).

## DISCUSSION

The Eleventh Amendment to the United States Constitution prohibits suits for monetary damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). Because Plaintiff's Complaint

---

[1] If Plaintiff had sued Defendants Acott and Hopper in their individual capacities, his claims against them would still fail for lack of allegations connecting Defendants to the challenged actions. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019); *McNeil*, 508 U.S. at 113. The Court will not construct claims or assume facts that Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15.

2

against the State of Missouri Department of Probation and Parole, a state agency, seeks $200,000 in monetary damages, it is barred by the Eleventh Amendment.

Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in his or her official capacity even if the entity is the moving force behind the deprivation of a federally protected right.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005).  Plaintiff's claims are difficult to discern, but even if he is arguing that the state agency or its officials deprived him of his federal constitutional rights, they nevertheless enjoy Eleventh Amendment immunity.  Plaintiff does not argue that Defendants are somehow exempt from the Eleventh Amendment bar.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, (1984); *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988).  And the United States Supreme Court determined in *Quern v. Jordan*, 440 U.S. 332 (1979), that neither the history nor the text of § 1983 manifests congressional intent to overturn the constitutionally guaranteed immunity of the states.  *Id.* at 342-45.  Because Plaintiff's claims against the Missouri Department of Probation and Parole and its officials are barred by the Eleventh Amendment, this action must be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the Complaint, because the Complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [4], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.  A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3